**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| § | **CASE NUMBER 6:17-CR-00074-JDK** |
| **v.** § | |
| § | |
| § | |
| **TERRY WAYNE ANTHONY** § | |
| § | |

**REPORT & RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

On April 11, 2024, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Terry Wayne Anthony. The government was represented by Bob Wells, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk, Federal Public Defender.

Defendant originally pled guilty to the offense of Possession with Intent to Distribute More Than 28 Grams but Less Than 280 Grams of Cocaine Base, a Class B felony. This offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 21 and a criminal history category of V, was 70 to 87 months. On April 30, 2018, U.S. District Judge Ron Clark of the Eastern District of Texas sentenced Defendant to 44 months and 25 days in prison, to run concurrently with the prison term imposed in Case Number 45897-B, 124th District Court of Gregg County, Texas, and followed by 4 years of supervised release subject to the standard conditions of supervised release, plus special conditions to include financial disclosure, drug testing and treatment, mental health counseling, acquiring a high school

equivalency certificate, and a $100 special assessment. On July 6, 2021, Defendant completed his period of imprisonment and began service of the supervision term.

Under the terms of supervised release, Defendant was prohibited from any unlawful use of a controlled substance and was required to submit to periodic drug screening. In its petition, the government alleges that Defendant violated his conditions of supervised release when Defendant submitted urine samples that tested positive for marijuana, a controlled substance, on October 18, 2021, October 27, 2021, November 2, 2021, 2021, December 21, 2021, January 4, 2022, January 6, 2022, February 9, 2022, October 5, 2023, January 3, 2024, and March 18, 2024.

If the court finds by preponderance of the evidence that Defendant violated the conditions of supervised release as referenced above, Defendant will have committed a Grade C violation. *See* U.S.S.G. § 7B1.1(a). Upon finding of a Grade C violation, the court may (A) revoke supervised release or (B) extend the term of supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of V, the Guideline imprisonment range for a Grade C violation is 7 to 13 months. *See* U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade C violation of the conditions of supervision referenced above. In exchange, the government recommended to the court a sentence of 12 months and 1 day with no supervised release to follow.

The court therefore **RECOMMENDS** that Defendant Terry Wayne Anthonys' plea of true be accepted, and that he be sentenced to a term of imprisonment of 12 months and 1 day with no supervised release to follow. The court further **RECOMMENDS** that Defendant serve his sentence at FMC Fort Worth, Texas if available and drug treatment, if available. The parties

waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 12th day of April, 2024.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE